1824.

ARMSBY
v.
WOOD.

---

MARY LUDLOW v. JOHN LANSING JUNIOR, and others.

This court has the power to issue all process to carry its decrees into effectual
   execution.
On a sale of mortgaged premises, if a defendant in possession will not, on being
   shown the master's deed, deliver them up, an order may be taken requiring him
   to deliver possession ; and on disobedience of that order, an injunction may issue.

THE bill was for the foreclosure of the equity of redemption
in mortgaged premises and for a sale ; and was taken pro
confesso.   On the usual subsequent proceedings, a sale had
taken place, at which the premises brought a price much less
than the amount reported by the master to be due.   The
complainant had become the purchaser, and had received a deed
from the master, which she showed to one of the defendants
upon the premises, demanding possession, which the latter
refused to give.

The complainant now preferred her petition, stating these
facts, and praying for an order requiring the defendant in
possession to deliver up possession to the complainant, and in
default thereof, that an injunction might issue, or for other
relief.

It was objected on the other side, that this court have no
power to order a sale of mortgaged premises.

1824.
July 14.

Mortgage sale.
Execution of
decree.

THE CHANCELLOR. It is objected, that the decree directing a sale of the land mortgaged, was not authorised by law. If this objection could be maintained, it now comes too late, as an answer to this application. It should have been made at the hearing, or it may be urged upon an appeal.

The application now made is, that the mortgagor, being a defendant in this suit, and in possession of the mortgaged land, which has been sold under the usual course of proceedings in this court, deliver possession to the purchaser. This practice, though not usual before the case of Kershaw against Thompson, 4 John. ch. 609., was always, I conceive, within the power of the court. I have examined all the cases which have been cited; and the English cases seem to warrant the decision made by this court, in the case of Kershaw against Thompson. But if that decision of the late chancellor, was, in any respect, new, the innovation was in my opinion, judicious and fit. This practice is not an extension of the jurisdiction of this court; it is merely an exertion of its acknowledged powers, in a particular manner; a species of relief by way of execution. Where this court has power to decree, it has power to carry its decree into effectual execution; and there can not be any good reason, that the purchaser of mortgaged lands sold under a decree in equity, should not be put into possession by the court which makes the sale and transfers the title. To transfer the title and leave the purchaser to another suit to obtain possession from a party, whose rights have been fully decided by this court, would be useless, and vexatious circuity. But without pursuing this question, I entirely concur in the decision of this court, in the case of Kershaw against Thompson; and the petition in this case, is granted.